Randy Warren **DUCK,**
**Plaintiff-Appellant,**

v.

**Mary Emma Duck HOWELL and husband, Tommy G. Howell, Defendants-Appellees.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Dec. 23, 1986.

Application for Permission to Appeal Denied March 9, 1987.

Mike Mosier, Henderson, for plaintiff-appellant.

Charles M. Cary, Bolivar, for defendants-appellees.

CRAWFORD, Judge.

The parties hereto Randy Warren Duck (hereinafter Husband) and Mary Emma Duck Howell (hereinafter Wife) were divorced by decree of the Chancery Court of Chester County entered March 26, 1982. A property settlement agreement incorporated into the decree provided that their real property owned as tenants by the entirety would be sold and the proceeds equally divided. The decree also awarded custody of their two minor children to Wife and ordered Husband to pay child support.

The real property was not sold and on February 2, 1983, Husband executed a quit claim deed to Wife which provided in part pertinent to this appeal:

> Whereas, the Grantor has proposed to quit-claim unto the Grantee, all his right, title, interest and estate in and to certain improved real estate located in the NINTH CIVIL DISTRICT, CHESTER COUNTY, TENNESSEE, more particularly described hereinafter, and such interest so conveyed will be in lieu of child support, past, present and future; and, Whereas, the Grantee has accepted such proposal made by the Grantor, and to the extent she can legally do so, hereby relieves and discharges the Grantor for payments of child support, past, present and future in consideration of the conveyance to her of the Grantor's undivided one-half interest in and to the real estate hereinafter described.

Now, therefore, in consideration of the premises, and the sum of ONE ($1.00) DOLLAR cash in hand to the Grantor paid by the Grantee, the receipt whereof being hereby acknowledged, the Grantor does by these presents, release, remise, transfer, convey and forever quit-claim unto the Grantee, her heirs and assigns, all of his right, title, interest and estate in and to that certain tract of improved real estate located in the NINTH CIVIL DISTRICT, CHESTER COUNTY, TENNESSEE, and being more particularly bounded and described as follows, to wit:

On September 18, 1985, pursuant to a joint motion of Husband and Wife an order was entered which changed the custody of the two children to the Husband and further provided that Wife was relieved of any obligation to pay child support.

On October 25, 1985, Husband filed a petition entitled "Petition to Modify Final Decree of Divorce; or in the Alternative to Set Aside Real Estate Conveyance." The petition avers that the conveyance from Husband to Wife was made in consideration of child support and the conveyance should be set aside. In the alternative, Husband contends that circumstances have changed and that Wife should be ordered to pay child support. The trial court denied the relief regarding the quit claim deed but ordered Wife to pay $75 per month child support. Both Husband and Wife have presented issues for review. Husband has presented two issues for review which we quote:

1. Whether or not the chancellor erred in treating the appellant's petition to modify as a Rule 60 motion.

2. Whether or not the Chancellor erred in refusing to set aside the real estate conveyance described in the appellant's petition to modify, inasmuch as the appellant contended that the original conveyance from him to the appellee, Mary Emma Duck Howell, was child support or in the nature of child support.

We will consider these issues together. The trial court's order provided *inter alia:*

1. That the complaint of the Plaintiff should be treated as a Rule 60.02 motion, and since more than thirty (30) days have elapsed from the entry of the final divorce decree, the Court has no authority to set aside the real estate conveyance.

2. That in any event, there is no merit to the complaint of the Plaintiff, which the Court treats as a Rule 60.02 motion.

Tenn.R.Civ.P. 60.02 provides in part:

60.02. Mistakes—Inadvertence—Excusable Neglect—Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

From our examination of the petition filed by Husband we cannot find that he seeks relief from a previous judgment nor does he point out any reasons for relief as required under a 60.02 motion. The petition seeks to set aside a real estate conveyance and failing in that seeks to have a previous child support decree modified. The petition simply is not a 60.02 motion in any sense of the word, and if it had been a 60.02 motion its filing more than 30 days after the judgment would not make it untimely filed. Motions filed pursuant to 60.02 contemplate filing more than 30 days after the entry of the judgment in question, because within 30 days of the judgment motions can be filed pursuant to Tenn.R.Civ.P. 59.

We do agree with the trial court that Husband's petition is without merit. Husband has advanced no valid reason for

setting aside the conveyance. He asserts that he gave up his interest in the property in exchange for relief from child support obligations. Certainly Wife cannot forgive a Husband's child support obligations, but she can agree to assume his obligation as her own which is the effect of the consideration expressed in this quit claim deed. In effect she agreed in consideration of the conveyance to assume Husband's child support obligations toward the children while Wife had custody of the children. For approximately two years after the quit claim deed was executed, the children remained in Wife's custody and Husband made no child support payments. Husband freely entered into the transaction and has presented no legal reason to have this conveyance set aside. Accordingly, we find Husband's issues without merit.

■ Wife has presented for review whether the trial court erred in requiring her to pay child support. T.C.A. § 36–5–101 (1986 Supp.) provides in part:

36–5–101. *Decree for support of spouse and children —Modification —Delinquencies.* (a)(1) Whether the marriage is dissolved absolutely, or a perpetual or temporary separation is decreed, the court may make an order and decree for the suitable support and maintenance of either spouse by the other spouse, or out of his or her property, and of the children, or any of them, by either spouse or out of such spouse's property, according to the nature of the case and the circumstances of the parties, the order or decree to remain in the court's control; and, on application of either party, the court may decree an increase or decrease of such allowance only upon a showing of a substantial and material change of circumstances.

The statute is quite specific that although the order or decree remains in the court's control any change in the support allowable may be made *"only* upon a showing of a substantial and material change of circumstances." (emphasis supplied). As we previously noted the order of September 18, 1985, awarding custody of the minor children to Husband specifically provided that Wife was not obligated to pay child support payments. Husband has alleged

no change of circumstances in his petition. Not only is the record devoid of any proof of change of circumstances, but Husband specifically denies that there had been any such change. We quote from the record:

Q. You signed that order, didn't you?
A. That's right.
Q. And that was on September 18, 1985?
A. Yes.
Q. And then on October 25, 1985, you come into Court saying, "I want child support." Is that correct?
A. Yes.
Q. What changed between September 18th and October the 25th?
A. Didn't anything.

Since the record does not support any change of circumstances that would authorize a modification of the previous order concerning child support payments, the court was not justified in ordering the child support payments.

■ Wife seeks to have this court declare Husband's appeal frivolous, but we decline this request. We are not prepared to say that the appeal was devoid of justiciable questions.

■ Although the trial court ruled correctly on the quit claim deed, he did so at least in part based on an erroneous reason. Where a trial court rules correctly but upon an erroneous reason, the appellate court will sustain the ruling upon what it conceives to be the correct theory. *Cannon Mills, Inc. v. Spivey,* 208 Tenn. 419, 346 S.W.2d 266 (1961).

The judgment of the trial court refusing to set aside the quit claim deed is affirmed, and the judgment of the trial court ordering Wife to pay $75 per month child support is reversed. This case is remanded for such further proceedings as necessary. Costs are assessed against appellant.

HIGHERS and FARMER, JJ., concur.