IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

**RICHARD NORMAN REDMAN   v. DONNA KAY REDMAN**

**Appeal from the Circuit Court for Blount County**
**No. E-15690     Hon. D. Kelly Thomas, Jr., Judge**

**No. E1999-02588-COA-R3-CV - Decided July 6, 2000**

A divorce decree was filed in 1993 with the marital assets being divided by agreement of these parties. The decree awarded Husband's military retirement benefits to Wife "as a division of marital property." The decree also provided that inasmuch as Wife was to receive that pension, she should be responsible for the support of the parties' two minor children. In 1999, after the children reached majority, Husband filed this "Petition to Discontinue Child Support and Modify Final Judgment by Restoring Retirement Benefits." The Trial Court held that the divorce decree ordered Husband to pay Wife his military pension as a division of marital property, not child support, and therefore declined to modify the original decree. We affirm the judgment of the Trial Court.

**T.R.A.P. Rule 3; Judgment of the Trial Court Affirmed; Case Remanded.**

SWINEY, J., delivered the opinion of the court, in which FRANKS, J., joined, SUSANO, J., filed a concurring opinion.

Clark Lee Shaw, Nashville, for the Appellant, Richard Norman Redman.

Perry P. Paine, Jr., Maryville, for the Appellee, Donna Kay Redman.

## OPINION

### Background

The appellate record in this case contains the parties' Final Decree of divorce, Husband's Petition to Modify that Decree, Wife's Motion to Dismiss the Petition, and two Orders

of the Trial Court. We glean the following bare facts from those pleadings and Orders. Husband and Wife were divorced after a hearing on July 26, 1993, at which Wife and her witnesses testified. The Court found that Husband was guilty of inappropriate marital conduct, dismissed Husband's divorce Complaint and awarded the divorce to Wife on those grounds. The parties announced to the Court that they had reached an agreement regarding the division of marital property and support for their two minor children. Based on that agreement, the Trial Court awarded Wife the marital home and related indebtedness, together with household furnishings, two vehicles, two cemetery lots and a lot and trailer at a Townsend, Tennessee campground.[1] Wife was awarded custody of the parties' two minor children subject to reasonable visitation. The Final Decree also ordered:

> 7.      That as a division of marital property, the [Wife] is awarded the [Husband's] Air Force Retirement.
>
> \* \* \*
>
> 8.      Inasmuch as the [Wife] is receiving the [Husband's] monthly retirement check, the [Wife] shall be responsible for the support of the parties' minor children. However, the [Husband] shall provide hospitalization insurance coverage for the parties' minor children and each party shall be responsible for and pay one-half (½) of all medical and dental expenses incurred on behalf of the minor children.

Husband filed the Petition now before us four years later, on September 23, 1997. He alleged that he "gave to the [Wife] his Air Force retirement benefits to cover the child support for the two minor children." He recited the other marital assets that Wife received in the divorce, and stated that he has no other retirement benefits except Social Security. He alleged that Wife has "some very sufficient holdings in her own right and is more than able to be financially secure in the future." Further, he stated that the two children are now 18 years old or older and emancipated. He asked the Court to "discontinue his child support responsibility for reasons stated above and . . . discontinue [Wife's] rights to receive his military benefits . . . ."

Wife filed a Motion to Dismiss Petition on October 1, 1997, stating that Husband's retirement was awarded to her as a division of marital property. She sought dismissal of the Petition because the divorce Decree was final, it was not appealed within thirty days after filing, and the Trial Court was therefore without authority to modify the division of property rights.

The Trial Court heard the Petition to Modify and the Motion to Dismiss Petition on July 18, 1998 and sustained Wife's Motion to Dismiss. The Order provided that Husband "is given

---

[1]Husband's appellate brief indicates that Husband, in fact, took the lot and trailer at the Townsend campground and the truck, as well as a boat and trailer.

30 days from the entry of this order to find and produce any statute or case [law or any] other Ruling to further substantiate his petition."

Husband filed a Motion to Re-Hear on November 20, 1998. He then obtained new counsel, who filed a Notice of Appearance on May 5, 1999. The Trial Court heard arguments of counsel relative to the Motion to Re-Hear on August 24, 1999, and found:

> . . . that the Final Judgment is not void because of failure of the Decree to address child support directly. The Court further finds that in 1993 the Guidelines were only looked at as Guidelines and were prior to the statutory directive of 1996. Accordingly, it is, ORDERED, ADJUDGED AND DECREED and the Court does find that by contract the military pension belongs entirely to Donna Kay Redman and there shall be no set off in return to Richard Norman Redman as a result of his claim that a portion of it was as child support. The Court does not interpret that a portion of the pension awarded to the Wife in the Final Judgment of Divorce was for child support.

On September 23, 1999, Husband filed a Notice of Appeal to this Court through his third counsel, who now represents him before this Court.

## Discussion

Husband argues on appeal that the Trial Court erred (1) in interpreting the Divorce Decree as awarding his military retirement to Wife by contract, (2) in declining to find the Divorce Decree void for its failure to address child support directly, and (3) in failing to "exercise its power of equity to modify its decree in light of changed circumstances."

Our review is *de novo* upon the record, accompanied by a presumption of the correctness of the findings of fact of the Trial Court, unless the preponderance of the evidence is otherwise. Rule 13(d), T.R.A.P.; *Davis v. Inman,* 974 S.W.2d 689, 692 (Tenn. 1998). The Trial Court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *Ganzevoort v. Russell,* 949 S.W.2d 293 (Tenn. 1997). Where there is no conflict in the evidence as to any material fact, the question on appeal is one of law, and our scope of review is *de novo*, with no presumption of correctness accompanying the Trial Court's conclusions of law. *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993).

As stated, Husband argues that the Trial Court erred in interpreting the Divorce Decree as awarding his military retirement to Wife by contract. He states that he

> "gave to [Wife] his Air Force retirement benefits to cover the child support for the two minor children . . . . granted to the

-3-

> [Wife] his military pension benefits so that she could have sufficient funds to take care of the minor children at the time of the divorce . . . . declared his retirement benefits for the sole purpose of child support, for his children, who are now emancipated . . . ."

Husband's personal motivations, which may have led to the agreed marital property settlement, are not relevant. The fact that Husband now states that he intended Wife to have the retirement benefits only as child support, even if true, does not change the plain language of the agreed Final Decree which determined that his retirement benefits were marital property and awarded to Wife. T.C.A. § 36-4-121b(1)(B) provides for the award of retirement benefits as marital property. In interpreting that statute, our Supreme Court has held:

> . . . marital property includes retirement benefits, both vested and unvested which accrue during the marriage. This conclusion is consistent with the language of the statute, the principles of statutory construction, and purposes for its enactment. An interest in a retirement benefit, vested or unvested, accruing during the marriage, is marital property subject to division under T.C.A. § 36-4-121(a)(1).

*Cohen v. Cohen,* 937 S.W.2d 823, 830 (Tenn. 1996). See also *Gragg v. Gragg,* 12 S.W.3d 412, 415 (Tenn. 2000). A property settlement agreement between a husband and wife is within the category of contracts and is to be looked upon and enforced as an agreement, and is to be construed as other contracts as respects its interpretation, its meaning and effect. *Gray v. Estate of Gray,* 993 S.W.2d 59, 62 (Tenn. Ct. App. 1998). Such an agreement incorporated into a divorce decree loses its contractual nature and is a judgment of the court. *Id.* In this case, the Final Decree itself plainly states that the retirement benefits are awarded to Wife "as a division of marital property." A court speaks only through its written judgments, duly entered upon its minutes. Oral pronouncements are of no effect unless and until made a part of a written judgment duly entered. *Knight v. Knight,* 11 S.W.3d 898, 906 (Tenn. Ct. App. 1999). Accordingly, we find Husband's insistence that he intended the award to Wife of his military retirement benefits as child support to be of no relevance to the issues before us.

Husband also argues that we should find the Final Decree of Divorce void for "failure to address child support directly." The plain language of the Decree reveals that the Trial Court did address child support directly. The Court found that Husband should not be required to pay child support because he gave Wife his military retirement. This Court has addressed similar situations in *Myers v. Myers,* 891 S.W.2d 216 (Tenn. Ct. App. 1994), and *Duck v. Howell,* 729 S.W.2d 110 (Tenn. Ct. App. 1986). In *Myers,* the Divorce Decree provided that Husband agreed to convey a 68-acre tract of real property to Wife "in lieu of" child support. We upheld the terms of the Decree. In *Duck v. Howell,* Husband also conveyed his interest in a tract of land to Wife "in lieu of child support." In determining the merits of his later petition to modify the decree, we held:

> Husband has advanced no valid reason for setting aside the conveyance. He asserts that he gave up his interest in the property in exchange for relief from child support obligations. Certainly Wife cannot forgive a Husband's child support obligations, but she can agree to assume his obligation as her own which is the effect of the consideration expressed in this quit claim deed. In effect she agreed in consideration of the conveyance to assume Husband's child support obligations toward the children while Wife had custody of the children.

*Duck v. Howell*, 729 S.W. 2d 110,113 (Tenn. Ct. App. 1986).

In 1993, when this Divorce Decree was entered, the Child Support Guidelines contained a rebuttable presumption that the amount of child support set in the Guidelines was the correct amount to be awarded "unless the court makes a written or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case. Such a finding would sufficiently rebut the presumption in that case." Child Support Guidelines, Chapter 1240-2-4-.01(2) (October, 1989). In the case before us, the Trial Court did make the required specific finding as to child support. We quote from the Final Decree:

> 8.    Inasmuch as the [Wife] is receiving the [Husband's] monthly retirement check, the [Wife] shall be responsible for the support of the parties' minor children.

In this case, the Trial Court determined that the award of child support was inappropriate because Wife received Husband's monthly retirement benefits. Wife, in effect, assumed Husband's obligation to support the children. As we did in *Duck v. Howell,* we find the Trial Court had the authority to determine that the issue of child support was appropriately settled by transfer of retirement benefits to Wife.[2] Accordingly, we find Husband's argument that the Final Decree of Divorce is void "for failure to address child support directly" is without merit.

Finally, Husband argues that the Trial Court erred in failing to "exercise its power of equity to modify its decree in light of changed circumstances." Husband argues that "Tenn. R. Civ. P. 60.02(4) permits courts to relieve a party from a final judgment when 'it is no longer equitable that the judgment should have prospective effect.' " He argues that it is no longer equitable for his military retirement to be paid to Wife as child support because the parties' children

---

[2]We need not determine whether the result would be the same under the current Child Support Guidelines, which were amended in 1994 to require "findings that the application of the guidelines would be unjust or inappropriate shall state the amount of support that would have been ordered under the child support guidelines and a justification for the variance from the guidelines." T.C.A. § 36-5-101(e)(1).

have emancipated. We have determined that Husband was not ordered to pay child support, and that the Trial Court awarded his retirement benefits to Wife as marital property. Even without these findings, the granting or denial of a Rule 60.02 Motion lies within the sound discretion of the Trial Court, and on appeal the scope of our review is limited to determining whether or not the Trial Court abused its discretion. *Howard v. Howard,* 991 S.W.2d 251, 255 (Tenn. Ct. App. 1999). We hold the Trial Court did not abuse that discretion.

## **CONCLUSION**

The judgment of the Trial Court is affirmed and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed against the Appellant, Richard Norman Redman.