IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Briefs October 15, 2003

## CLEMMYE MULLENIX BERGER v. BRENDA O'BRIEN, ET AL.

**A Direct Appeal from the Chancery Court for Shelby County**
**No. 103618-3    The Honorable D. J. Alissandratos, Chancellor**

---

**No. W2002-00227-COA-R3-CV - Filed December 8, 2003**

---

This appeal involves the trial court's denial of additional fees and expenses sought by guardian ad litem and attorney ad litem incurred in defending the previous appeal by an appellant contesting a judgment against him for a portion of the guardian ad litem and attorney ad litem fees incurred in the course of the trial court proceedings. In the previous appeal, this Court denied the application of the attorney ad litem and guardian ad litem for damages for frivolous appeal. The trial court denied the motion seeking additional fees and expenses and the guardian ad litem and attorney ad litem have appealed. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY M. KIRBY, J., joined.

Patrick M. Ardis, Memphis, For Appellants, Harold G. Walter and Wolff Ardis, P.C.

Michael F. Pleasants, Memphis, For Appellee, Morris Jack Berger, Sr.

Richard M. Carter and Elizabeth J. Landrigan, Memphis, For Appellee, Sylvia Galassi Berger As Trustee of the Trusts for the Benefit of Bianca Berger

### OPINION

On August 7, 1995, appellant Harold G. Walter ("Walter") was appointed by the chancery court to act as Guardian Ad Litem for Bianca Berger, a minor, in the settlement of the estate of Louis Jack Berger ("Decedent"). In January 1997, appellant Patrick M. Ardis ("Ardis")[1] was appointed

---

[1] Patrick M. Ardis is a licensed and practicing attorney with the firm of Wolff Ardis, P.C. Throughout the course of this litigation, various and several attorneys from Wolff Ardis, P.C., have performed work in connection with this matter. However, in the interest of convenience and clarity, we will continue to refer to the firm's involvement as
(continued...)

by the court to act as Attorney Ad Litem for Walter. The relevant factual and procedural background pertaining to this litigation is set forth in this Court's opinion, ***Berger v. O'Brien***, No. W1999-00861-COA-R3-CV, 2001 WL 792642 (Tenn. Ct. App. July 11, 2001).

To briefly summarize the court's factual and procedural findings, we note that Decedent's will was admitted to probate in the Shelby County Probate Court on June 23, 1993. Decedent's sister, Brenda O'Brien, was named Executrix of the estate. On December 23, 1993, Sylvia Galassi Berger, Decedent's former wife and the mother of his minor daughter, Bianca Berger, "filed a claim against the estate for continuing alimony pursuant to a marital dissolution agreement executed" prior to his death. On October 3, 1997, the probate court awarded Sylvia Galassi Berger $383,212.80 on her claim for alimony.

A second lawsuit was filed against Decedent's estate on December 3, 1993, in the Shelby County Chancery Court, by Clemmye Mullenix Berger, mother of Decedent and Brenda O'Brien. This suit alleged that Decedent fraudulently induced Clemmye Mullenix Berger into transferring stock in Pancho's Mexican Restaurants, Inc., to him prior to his death. Sylvia Galassi Berger and Morris Jack Berger, Sr., intervened as defendants in this lawsuit.

As stated, on August 7, 1995, the chancery court appointed Walter to act as Guardian Ad Litem to represent Bianca Berger's interests in the lawsuit. In January 1997, the court appointed Ardis as Attorney Ad Litem to assist Walter. The following month, "[o]rders were issued permitting the Chancery Court to sit as a probate court by interchange."

Decedent's estate was eventually settled in June 1998; however, Morris Jack Berger, Sr., objected to the agreed upon settlement and appealed the chancery court's approval of the settlement plan to this Court. Walter and Ardis next filed a motion in chancery court "seeking to assess a portion of their fees and expenses against Appellant, Morris Jack Berger, Sr." This Court noted:

> It is undisputed that [Walter] had fees and expenses totaling $108,752.53, which included the fees of [Ardis, as] the Attorney Ad Litem. Sylvia Berger, Clemmye Berger, and Pancho's agreed to pay $98,000.00, leaving a balance of $9,952.53. [Walter] and [Ardis] asserted that the participation in the proceedings of Appellant Morris Jack Berger, Sr., seeking to remove Brenda O'Brien as Executrix and opposing the settlement plan, necessitated much of the fees and expenses they incurred.

The chancery court ruled in favor of Walter and Ardis on their motion, determining that Morris Jack Berger, Sr., should be required to pay $9,952.53 toward fees and expenses of the Guardian Ad Litem and Attorney Ad Litem. Morris Jack Berger, Sr., appealed the chancery court's

---

[1](...continued)
an appellant in this matter through the singular reference to Patrick M. Ardis, or "Ardis."

order assessing fees and expenses against him. This appeal was consolidated with his initial appeal of the settlement of Decedent's estate. Morris Jack Berger, Sr., subsequently agreed to dismiss his first appeal of the settlement plan and, thus, the appeals were separated and the second appeal proceeded.

On appeal, this Court considered the sole issue of whether the chancery court properly assessed $9,952.53 in fees and expenses of the Guardian Ad Litem and Attorney Ad Litem against Morris Jack Berger, Sr. In considering this issue, we found that the evidence was undisputed that the appointment of Walter and Ardis as Guardian Ad Litem and Attorney Ad Litem, respectively, was necessary to protect Bianca Berger's interests, and further noted that the amount of the fees was undisputed. As such, this Court found that the chancery court did not commit an abuse of discretion in assessing fees and expenses against Morris Jack Berger, Sr., and thereby affirmed the decision of the trial court. This Court additionally noted:

> The Appellees, the Guardian Ad Litem and Attorney Ad Litem, assert that this appeal is frivolous, and seek an award of attorney's fees on appeal. This request is denied.

On October 16, 2001, Walter and Ardis filed a motion in the chancery court to compel compliance with the court's June 18, 1999 Order assessing fees and expenses against Morris Jack Berger, Sr., in the amount of $9,952.53. The motion states that Morris Jack Berger, Sr., failed to make any payments in accordance with the court's order. Alternatively, the motion sought modification of the order, requesting the court to re-evaluate and re-assess the fees and expenses incurred or earned as result of Walter and Ardis's efforts to collect. The motion further asked the court to find Morris Jack Berger, Sr., in contempt for non-compliance with the court's order.

That same day, Walter and Ardis filed a "Motion to Set and Assess Guardian Ad Litem and Attorney Ad Litem Fees and Expenses and to Assess Court Costs." Pursuant to this motion, Walter and Ardis asked the court to award expenses and fees for services incurred and rendered by both individuals through September 30, 2001.

On November 16, 2001, Walter filed an affidavit in support of their motion to set and assess fees and expenses, attaching as an exhibit "records reflecting the professional services rendered [by Walter as Guardian Ad Litem for Bianca Berger,] in connection with this case and, in particular, in connection with the appeals from the judgments of this Court and from the Probate Court filed by [Morris Jack Berger, Sr.]."[2] Walter's records indicate that he spent a total of 12.2 hours working on this case. As further support for this motion, Ardis filed billing records for work performed from December 14, 1999 through September 27, 2001, and expenses incurred from February 29, 2000 through July 31, 2001. These records state an amount of $8,131.75 due and owing for services rendered, and $262.70 incurred in total expenses, for a total bill of $8,394.45. Ardis also filed a

---

[2] Walter's affidavit stated the name of the appellant as Jackie Berger. The record in this case does not indicate any party appellant or appellee by the name of Jackie Berger. This Court assumes that Jackie Berger is, in fact, Morris Jack Berger, Sr.

letter that he drafted to opposing counsel on November 7, 2001, agreeing to reduce his bill for total fees and expenses owed to $6,000.00.

On December 14, 2001, the chancery court entered an Order, finding that the fees requested are reasonable. The Order states in pertinent part:

> The Court finds that the fees and expenses incurred by Patrick M. Ardis and Wolff Ardis, P.C. are reasonable and were reasonably necessary in connection with representing the interests of the Guardian Ad Litem in defending the appeals prosecuted by [Morris Jack Berger, Sr.]
>
> The Court finds that there has been no objection to the reasonableness or necessity of the charges sought by the Guardian Ad Litem and the Attorney for the Guardian Ad Litem.
>
> Notwithstanding the finding of this Court that the work performed by Harold G. Walter, Guardian Ad Litem, and Patrick M. Ardis and Wolff Ardis, P.C., attorneys for the Guardian Ad Litem, was necessary and the fees sought for such work are fair and reasonable, this Court is not sure it can award fees and expenses to the Guardian Ad Litem and the Attorney Ad Litem in light of the Court of Appeals' holding in Appeal No. W1999-00861-COA-R3-CV:
>
> > The appellees, the Guardian Ad Litem and Attorney Ad Litem, assert that this appeal is frivolous, and seek an award of attorneys' fees on appeal. This request is denied.
>
> Pursuant to Tenn. R. Civ. P. 54.02, the Court finds there is no just reason for delay for the entry of a final judgment with regard to the matters herein.
>
> IT IS THEREFORE ORDERED that the Motion to Set and Assess Guardian Ad Litem and Attorney Ad Litem fees and expenses is denied, and a final judgment denying the Motion should be entered pending further clarification from the Court of Appeals.

Walter and Ardis filed a Notice of Appeal of the chancery court's order on January 10, 2002.[3]

_____

[3] In January 2003, Morris Jack Berger filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Missouri. On January 23, 2003, this Court entered an Order staying the proceedings
(continued...)

-4-

Appellants Walter and Ardis present the following issues for review, as stated in their brief:

> Did the Trial Court abuse its discretion in denying the Motion to Set and Assess Guardian <u>Ad Litem</u> and Attorney <u>Ad Litem</u> Fees and Expenses?

> Did the Trial Court err in the application of law in this matter in finding that this Court's prior denial of a request for attorney's fees for a frivolous appeal precluded the Trial Court from thereafter awarding guardian <u>ad litem</u> and attorney <u>ad litem</u> fees and expenses as discretionary costs under Tenn. R. Civ. P. 17.03 and 54.04?

The trial court is afforded discretion in taxing and assessing costs. ***Long v. Long***, 957 S.W.2d 825, 833-34 (Tenn. Ct. App. 1997). On appeal, the trial court's decision to award costs will be reversed if the trial court abused that discretion. ***Id***.

We consider appellants' issues as part of a single question, defined by Walter and Ardis in their brief to this Court as follows:

> [W]hether this Court's denial of a request to award attorney's fees [in ***Berger v. O'Brien***, No. W1999-00861-COA-R3-CV, 2001 WL 792642 (Tenn. Ct. App. July 11, 2001),] for the filing of a frivolous appeal[,] thereafter precludes the Trial Court from otherwise awarding guardian ad litem fees and attorney ad litem fees as discretionary costs pursuant to Tenn. R. Civ. P. 17.03 and 54.04.

We must bear in mind that the trial court entered a consent order in this case on April 12, 1999, based upon an agreement of all of the parties, including Walter and Ardis and except Morris Jack Berger, Sr. On January 13, 1999, prior to the entry of the consent order, the Guardian Ad Litem and the Attorney Ad Litem filed a motion to assess a part of their fees and expenses to Morris Jack Berger, Sr. Although the court entered the consent order on April 12, 1999, the court granted the pending motion by order entered June 18, 1999, which assessed fees and expenses in the amount of $9,952.53 against Morris Jack Berger, Sr. Berger appealed, and this Court in ***Berger v. O'Brien***, No. W1999-00861-COA-R3-CV, 2001 WL 792642 (Tenn. Ct. App. July 11, 2001), affirmed the trial court's order assessing fees and expenses against Berger as a judgment for discretionary costs. This Court found, however, contrary to the assertion of the Guardian Ad Litem and Attorney Ad Litem, that Berger's appeal was not frivolous and denied the request for fees and expenses as allowed for frivolous appeal by T.C.A. § 27-1-122 (2000).

---

[3](...continued)

in the case at bar "pending removal of the automatic stay provided for in 11 U.S.C. § 362." By Order entered August 14, 2003, this Court vacated the stay imposed by our January 23, 2003 Order, noting that "Appellant has provided the Court with written notification that the automatic stay is no longer in effect."

Significantly, the consent order regarding the fees and expenses of the Guardian Ad Litem and Attorney Ad Litem entered April 12, 1999 expressly provides:

> 11.  It is agreed that, except as set out in the settlement with Armstrong, Allen et al., no parties hereto or their attorneys shall seek any additional fees from the Estate of Louis Jack Berger and no such fees will be paid out [of] the Probate funds.  Except as set forth herein, no parties to this agreement or their attorneys will seek from the Utah Trust described in paragraph 4 payment of fees or expenses for work performed on this case.
>
> *                    *                    *
>
> 13.  The Complaint herein and all claims of all parties hereto are dismissed with prejudice.

Since the motion to assess the portion of the fees against Morris Jack Berger was pending at the time the consent order was entered on April 12, 1999, the final dismissal of the case did not become effective until the disposition of the motion by order of the trial court on June 18, 1999. Thus, this Court in the previous appeal was considering part of the final order in the case.

The trial court noted that the fees and expenses involved in this appeal sought by the Attorney Ad Litem and the Guardian Ad Litem were for expenses incurred and services rendered in defending the appeal.  However, Walter and Ardis are seeking discretionary costs pursuant to Tenn. R. Civ. P. 17.01 and Tenn. R. Civ. P. 54.04, which, of course, relate to discretionary costs incurred in the trial court.  On that basis alone Walter and Ardis are not entitled to relief.

We note, additionally, that Walter and Ardis were parties to the April 12, 1999 consent order dismissing the claims of all parties thereto with prejudice.  As parties to the consent order Walter and Ardis are bound by the terms of the agreement, ***see Rachels v. Steele***, 633 S.W.2d 473, 477 (Tenn. Ct. App. 1981), and are therefore barred from pursuing any claims for the collection of fees against the other parties to the agreement.  As such, the only claim in this matter not barred by the consent order is appellants' action to collect fees from Morris Jack Berger, Sr., a non-party, for pursuit of a frivolous appeal.  We note, however, that this Court has already determined that Morris Jack Berger, Sr.'s, appeal was not frivolous.  ***Berger v. O'Brien***, No. W1999-00861-COA-R3-CV, 2001 WL 792642, at * 4 (Tenn. Ct. App. July 11, 2001).

We further concluded that Walter and Ardis are barred from recovery against Morris Jack Berger, Sr., on their claim for Guardian Ad Litem and Attorney Ad Litem fees and expenses on the basis of the American Rule.  The American Rule provides that "litigants pay their own attorney's fees absent a statute or an agreement providing otherwise." ***See State v. Brown & Williamson Tobacco Corp.***, 18 S.W.3d 186, 194 (Tenn. 2000) (citing ***John Kohl & Co. v. Dearborn & Ewing***,

977 S.W.2d 528, 534 (Tenn. 1998)).  In this case, we find no statute or agreement providing for the payment of an opposing litigant's attorney's fees.

Moreover, if we were to assume that the Appellants could obtain relief and be awarded discretionary costs pursuant to the rules of civil procedure as they assert, the motion requesting discretionary costs must be filed and served within thirty (30) days after entry of judgment.  ***See*** Tenn.R.Civ.P. 54.04 (2).  Assuming, for the purposes of argument, that the judgment of this Court denying the assessment of the costs, filed July 11, 2001, is the final judgment, the motion, filed October 16, 2001 is untimely.

Moreover, the entry of the final judgment in this case, effective as of June 18, 1999 and a subsequent order of this Court entered July 11, 2001 finalized the proceedings.  At the most, the trial court had jurisdiction of this case no more than thirty (30) days after July 11, 2001.

For all of the above reasons, the order of the trial court denying Walter and Ardis's motion for assessment of fees and expenses is affirmed.  This Court may affirm a trial court's judgment correct in result but rendered upon different, incomplete or erroneous grounds.  ***See Hopkins v. Hopkins***, 572 S.W.2d 639 (Tenn. 1978); ***Duck v. Howell***, 729 S.W.2d 110 (Tenn. Ct. App. 1986); ***Wood v. Parker***, 901 S.W.2d 374 (Tenn. Ct. App. 1995).

Costs of this appeal are assessed to the Appellants, Harold G. Walter, Guardian Ad Litem, and Wolff Ardis, P.C., and their sureties.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.