D.W. ROWLETT, Plaintiff/Appellant,

v.

Thurman GUTHRIE, Administrator of the Estate of Nancy Haynes, Defendant/Appellee.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Aug. 4, 1993.

Permission to Appeal Denied by Supreme Court Nov. 29, 1993.

Ken Burger, Murfreesboro, for plaintiff/appellant.

Allen Shoffner, Shelbyville, for defendant/appellee.

## *OPINION*

CANTRELL, Judge.

This appeal represents a claim against the estate of Nancy Haynes. The appellant asserts that the chancellor erred by granting summary judgment to the administrator of the estate. We affirm.

### I.

The appellant moved in with the deceased, Nancy Haynes, in 1986 at her Rutherford County home. The appellant claims that he worked to improve the house and to build an addition which he used to run his business "Kirkland Bar B Q." In fact, the appellant claims that while living with Ms. Haynes, he provided her sole source of income. Upon completion of the improvements to the Rutherford County property, Ms. Haynes sold it and purchased a house in Bedford County, where she and the appellant lived until her death in 1990. The appellant's name was not on the title to the new property, nor did he contribute any consideration for the property. Ms. Haynes deposited the excess funds from the sale of the Rutherford County property in the bank.

Upon Ms. Haynes death, Thurman Guthrie was appointed as administrator of her estate. The appellant filed a claim against the estate and filed a petition to establish a constructive or resulting trust. Subsequently, Mr. Guthrie filed a motion for summary judgment which was granted by the chancellor. Furthermore, Mr. Guthrie filed a counter-claim to recover personal property which was removed from Ms. Haynes' house by the appellant. The chancellor ordered that the appellant return those items of personal property listed in the order. The appellant appeals the chancellor's granting of Mr. Guthrie's motion for summary judgment.

### II.

The purpose of summary judgment is to provide an economical method of con-cluding cases on issues as to which there is no dispute regarding any material fact. *Rainey v. Stansell*, 836 S.W.2d 117, 119 (Tenn. App.1992). In deciding a motion for summary judgment the court must view the pleadings and the evidence before it in the light most favorable to the opponent of the motion. *Wyatt v. Winnebago Indus., Inc.*, 566 S.W.2d 276, 279 (Tenn.App.1977). If it is shown that no genuine issue as to any material fact exists, the moving party is entitled to a judgment as a matter of law. *Daniels v. White Consol. Indus., Inc.*, 692 S.W.2d 422, 424 (Tenn.App.1985).

### III.

The appellant asserts that the chancellor erred by granting summary judgment because issues of material fact exist as to the appellant's equitable interest in the real estate titled in Ms. Haynes' name at the time of her death.

#### a. Constructive Trust

The appellant first contends that a constructive trust was created by his equitable interest in the property. A constructive trust is one constructed by equity in order to satisfy the demands of justice. *Akers v. Gillentine*, 191 Tenn. 35, 39, 231 S.W.2d 369, 371 (1948). A constructive trust arises against one who:

.. by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal title to property which he ought not, in equity and good conscience hold and enjoy.

*Livesay v. Keaton*, 611 S.W.2d 581, 584 (Tenn.App.1980) (citation omitted). In the present case there is no proof of any such conduct on the part of Ms. Haynes; thus, the chancellor properly held that equity could not create a constructive trust.

#### b. Resulting Trust

The appellant also asserts that a resulting trust was created by his equitable

interest in the property. A resulting trust is defined as:

"[A] resulting trust arises from the nature of circumstances of consideration involved in a transaction whereby one person thereby becomes invested with a legal title but is obligated in equity to hold his legal title for the benefit of another, the intention of the former to hold in trust for the latter being implied or presumed as a matter of law, although no intention to create or hold in trust has been manifested, expressly or by inference, and although there is an absence of fraud or constructive fraud."

*In re Estate of Roark,* 829 S.W.2d 688, 692 (Tenn.App.1991) (citing 76 Am.Jur.2d, *Trusts,* § 196 (1975)).

Resulting trusts may be proven by parol evidence. *Latshaw v. Latshaw,* 787 S.W.2d 9, 11 (Tenn.App.1989). However, in order to sustain a resulting trust based on parol evidence "in the face of the terms of a written instrument the evidence must be so clear, cogent and convincing so as to overcome the opposing evidence, coupled with the presumption that obtains in favor of the written instrument." *Id.*

Moreover, it must be shown that the beneficiary actually made payment, or incurred an absolute obligation to pay, as part of the original transaction of purchase. *Livesay v. Keaton,* 611 S.W.2d 581, 584 (Tenn. App.1980). Subsequent independent conduct on the part of the beneficiary would not raise a resulting trust. *Id.*

In the present case, title to the property was in Ms. Hayes' name before the appellant moved in with her. The appellant's subsequent improvements to the property were independent and apart from the original transaction. The appellant admitted in his deposition testimony that he acted with no expectation of payment for his work on the property. Moreover, according to his testimony the only agreement which Ms. Haynes made was a promise that if the appellant would fix up the property, she would sell it, and they would go to Florida. We do not think this is enough proof to establish a material issue of fact concerning the existence of a resulting trust.

## IV.

In his final issue the appellant asserts that the chancellor erred by granting summary judgment to the administrator of the estate because there exists material issues of fact concerning the existence of a joint venture or partnership, entitling the appellant to an accounting of the business profits. Specifically, the appellant submits that emphasis is misplaced on the fact that legal title to the Rutherford County property was in Ms. Haynes' name. Instead, the appellant contends that because his barbecue business was located on the improved property, the property was actually a partnership asset. In response, Mr. Guthrie contends that the appellant's own testimony supports the granting of summary judgment. We agree.

The following colloquy during the appellant's deposition illustrates the absence of a partnership relationship:

Q Your lawyer also said in the petition that was filed for you that you had an alternative theory of a joint venture or partnership. Do you know what he's talking about? Were you and Nancy Haynes ever in a partnership?

A Well, we was always in a partnership. What was hers was mine and what was mine was hers.

Q All right. You're talking about the fact that you all cohabited together. That's the partnership that you're talking about, right?

A Well, yeah. We wasn't in no business. She didn't have a business, but I did. I was in the barbeque [sic] business at Kirkland.

Q Well, was she a partner in that business with you?

A Not necessarily, no. It was all mine. I paid everything.

A partnership is defined as an association of two or more persons to carry on as co-owners of a business for profit. Tenn. Code Ann. § 61–1—105(a). The existence of a partnership relationship depends upon the intent of the parties "to do the things which constitute a partnership." *Bass v. Bass,* 814

S.W.2d 38, 41 (Tenn.1991). "[A] partnership may be implied from the circumstances where it appears that the individuals involved have entered into a business relationship for profit, combining their property, labor, skill, experience, or money." *Id.*

Here, the appellant clearly states in his deposition testimony that the barbecue business was his own business, that Ms. Haynes was not involved in it, and that she did not contribute funds toward it. Because the house was in Ms. Haynes' name alone and she had no involvement in the barbecue business, we think that the chancellor correctly held that no partnership or joint venture was entered into by the parties. Since the Rutherford County property was not a partnership asset, the appellant is not entitled to a share of the proceeds from its sale.

Finding no merit to the issues presented by the appellant, we affirm the findings of the chancellor. This matter is remanded to the Chancery Court of Davidson County for further proceedings in accordance with this opinion. Tax the costs of this appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.