Glenna Mae Choate MYERS, Plaintiff,

v.

Ray Edward MYERS, Defendant–Appellee,

v.

France Calvin COGDILL, Jr., Third Party Defendant–Appellant.

Court of Appeals of Tennessee, Eastern Section.

July 1, 1994.

Permission to Appeal Denied by Supreme Court Oct. 24, 1994.

Van R. Michael, Sweetwater, for defendant-appellant.

John W. Cleveland, Sweetwater, for defendant-appellee.

## OPINION

McMURRAY, Judge.

This case originated as a divorce action between Glenna Mae Choate Myers, plaintiff, and Ray Edward Myers, defendant. On February 5, 1990, a default judgment was granted to the plaintiff. The plaintiff, Glenna Mae Choate Myers, was awarded an absolute divorce from the defendant and custody of the parties' minor children. She was also awarded real property consisting of sixty-eight acres "in lieu of child support." By deed dated April, 1990, the appellee, Ray Edward Myers, executed and delivered a quit-claim deed conveying the real property in question to the original plaintiff, Glenna Myers. On May 29, 1990, this deed was duly recorded in the Register's office of Roane County, Tennessee, the situs of the property. Shortly after the divorce, Glenna Myers married the third-party defendant, France Calvin Cogdill. On May 23, 1990, Glenna Myers executed a deed to France Calvin Cogdill, her husband, creating a tenancy by the entirety. This deed was duly recorded in the Register's office of Roane County on May 29, 1990.

Thereafter, the parties' minor children began living with the appellee, Ray Edward Myers. On November 11, 1992, the appellee, Ray Edward Myers, filed a "motion to modify the final order" asking that he be awarded the exclusive care, custody and control of the parties' minor child, Alicia Dawn Myers.[1] He further asked that the original plaintiff be required to pay a reasonable sum for the support and maintenance of the minor child. He further asked that he be awarded the real estate previously granted by judgment and deed to the original plaintiff. A lien *lis pendens* was filed on the realty on January 26, 1993. The appellant, France Calvin Cogdill, Jr., was made a party to the action by a third-party complaint filed on January 26, 1993. Glenna Mae Choate Myers Cogdill, the original plaintiff, died on February 8, 1993.

A hearing on the motion to modify the final order was held on June 14, 1993. At this hearing, the trial court:

1. Found that the original plaintiff held a one-half interest in the subject property in trust for the parties' minor children;

2. Declared the deed from Ray Edward Myers to Glenna Myers dated April 30, 1990, to be void and set aside "to the extent that it purports to convey any right or title to the one-half interest held in trust for the support and maintenance of the original parties' minor children;"

3. Declared the deed from Glenna Choate Cogdill to France Calvin Cogdill, Jr., dated May 13, 1990, purporting to create a tenancy by the entirety to be void and set aside "to the extent that it purports to convey any right or title to the one-half interest held in trust for the support and maintenance of the original parties' minor children;" and

4. Divested a one-half interest in the property from France Calvin Cogdill, Jr., and vested it in Ray Edward Myers.

From this judgment, this appeal resulted. We reverse the judgment of the trial court insofar as it declares the subject deeds void and orders them set aside. We further reverse the judgment of the court in divesting title to one-half of the property from the appellant and vesting it in the appellee.

The appellant has presented a multiplicity of issues for our consideration. We find, however, that the dispositive issue is whether or not the language in the final decree "in lieu of child support", without more, is sufficient to create a trust.

In determining whether or not an express trust exists, at a minimum, there must be a grantor or settlor who *intends* to create a trust; a corpus (the subject property); a trustee; and a beneficiary. See gen-

---

1. The parties' child, Paul, reached his 18th birth-    day on May 15, 1992.

erally *Kopsombut–Myint Buddhist Center v. State Board of Equalization*, 728 S.W.2d 327 (Tenn.App.1986). The trustee holds legal title and in that sense, owns the property, holding it for the benefit of the beneficiary who owns the equitable title. While the grantor may retain either of these interests, no one may solely hold both as the purpose of separating the two would be defeated. *See Miller v. Miller*, 202 Tenn. 249, 304 S.W.2d 74 (1957). In this case, there is nothing in the decree to indicate that it was the intent of the Court to create a trust, nor is there any indication in the deed from Ray Edward Myers to Glenna Myers to indicate that any type of trust was intended. Additionally, the words "in lieu of" given their normal, natural meaning simply mean "instead of", "in place of" or "in substitution of." *See* "Black's Law Dictionary", 6th ed., 1990. In construing documents words must be given their ordinary and customary meaning and not a strained or unnatural interpretation. *See Evco Corp. v. Ross*, 528 S.W.2d 20 (Tenn.1975).

In *Duck v. Howell*, 729 S.W.2d 110 (Tenn. App.1986) the husband conveyed his interest in and to a tract of land to his wife "in lieu of child support." He subsequently filed a petition to modify the decree to have the conveyance set aside. In addressing the issue the court said:

> "[The] husband has advanced no valid reason for setting aside the conveyance. He asserts that he gave up his interest in the property in exchange for relief from child support obligations. Certainly [the] wife cannot forgive a Husband's child support obligations, but she can agree to assume his obligation as her own which is the effect of the consideration expressed in this quit claim deed. In effect she agreed in consideration of the conveyance to assume [the] husband's child support obligations toward the children while [the] wife had custody of the children."

Such is the case here. The wife, in exchange for the real estate has assumed the husband's obligation for child support so long as she has custody of the children.

■ Next, we note that to set aside a deed, it is well-settled that the proof must be clear, cogent and convincing. *See Pugh v. Burton*, 25 Tenn.App. 614, 166 S.W.2d 624 (1942). *See Also* Section 945, Gibson's Suits in Chancery. The appellee's evidence does not meet this burden.

We will look next to the theory of whether or not the circumstances of this case warrant a finding that a resulting trust or constructive trust was created.

■ Tennessee has imposed constructive trusts in four types of cases. They are: (1) where a person procures the legal title to property in violation of some duty, express or implied, to the true owner; (2) where the title to property is obtained by fraud, duress or other inequitable means; (3) where a person makes use of some relation of influence or confidence to obtain the legal title upon more advantageous terms than could otherwise have been obtained; and (4) where a person acquires property with notice that another is entitled to its benefits. Gibson's Suits in Chancery § 383 (7ed. 1988). See also *Browder v. Hite*, 602 S.W.2d 489, 492 (Tenn.App.1980). The record in this case fails to establish that this case falls within either category which would justify the imposition of a constructive trust.

"[A] resulting trust arises from the nature of circumstances of consideration involved in a transaction whereby one person thereby becomes invested with a legal title but is obligated in equity to hold his legal title for the benefit of another, the intention of the former to hold in trust for the latter being implied or presumed as a matter of law, although no intention to create or hold in trust has been manifested, expressly or by inference, and although there is an absence of fraud or constructive fraud." *Rowlett v. Guthrie*, 867 S.W.2d 732 (Tenn.App.1993).

■ In this case, a resulting trust would necessarily have to be proven by parol evidence since neither the decree of divorce nor the deed from Ray Edward Myers to Glenna Myers contains *any* language to suggest that the conveyance is made in trust. Resulting trusts may be proven by parol evidence. *Latshaw v. Latshaw*, 787 S.W.2d 9, 11 (Tenn.App.1989). However, in order to

sustain a resulting trust based on parol evidence "in the face of the terms of a written instrument the evidence must be so clear, cogent and convincing so as to overcome the opposing evidence, coupled with the presumption that obtains in favor of the written instrument." *Latshaw,* supra, at page 11. Here, we are of the opinion that the appellee has failed to carry this heavy burden.

We are of the opinion that the deceased, Glenna Myers, did not hold the property in trust either as an express trust, constructive trust or a resulting trust. Accordingly, the judgment of the trial court cannot be sustained.

Further, the appellant here, was a stranger to the deed from Ray Edward Myers to Glenna Myers and absent actual or constructive notice that the property was held in trust, he is not burdened with any obligations attached to the original grantee, Glenna Myers. Since Glenna Myers acquired title to the property by deed, the divorce decree is not in his chain of title. In any event the divorce decree was not recorded in the Register's office and the lien *Lis Pendens* was not filed until after the execution, delivery and recordation of the appellant's deed. The record does not support a finding that the appellant knew that the property in question was burdened with any trust or other equitable interest. Thus, we are of the opinion that appellant's deed was valid and that upon the death of his wife, Glenna Myers, he became the sole owner of the property as surviving tenant by the entirety.

We further note that the power of alienation is necessarily incident to every estate in fee. No one can create what is in the intendment of the law an estate in fee simple and at the same time deprive the owner of those rights and privileges which the law annexes to it. *Baskin v. Commerce Union Bank,* 715 S.W.2d 350 (Tenn.App. 1986).

We are of the opinion that the grantee, Glenna Myers, held title to the subject property in fee simple and was accordingly free to alienate the property as she saw fit.

There is yet another reason why the judgment of the trial court cannot be sustained. Judgments of Courts of record are not to be lightly changed, altered, amended or set aside, but only done upon very clear, convincing, cogent evidence that a true injustice has been done to the complaining party and that the complaining party is in no wise responsible, or termed in another way, negligent in protecting that party's interest. *Tennessee State Bank v. Lay,* 609 S.W.2d 525 (Tenn.App.1980). It cannot be said under the circumstances of this case that "the complaining party [the appellee] is in no wise responsible" for any injustice that may have been done.

Accordingly, we reverse the judgment of the trial court insofar as it declares the subject deeds void and orders them set aside. We further reverse the judgment of the court in divesting title to one-half of the property from the appellant and vesting it in the appellee.

Our resolution of this issue pretermits all remaining issues.

Costs of this appeal are assessed to the appellee and this cause is remanded to the trial court for entry of a judgment in accordance with this decree.

GODDARD, P.J. (E.S.), and FRANKS, J., concur.