IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
(HEARD AT DAYTON)

## LISA MARTIN, ADMINISTRATRIX OF THE ESTATE OF DELORES J. COLEMAN v. ROBERT C. COLEMAN

**Appeal from the Circuit Court for Cumberland County**
**No. J-2094     John A. Turnbull, Judge**

---

**No. E1998-00739-SC-R11-CV - Decided May 16, 2000**

---

We granted this appeal to determine whether an implied partnership may be imposed upon the retirement benefits of one party to a relationship in which unmarried parties held themselves out as husband and wife. We hold that the lower courts erred in dividing the retirement benefits as property of an implied partnership.[1]

**Rule 11 Appeal by Permission; Judgment of the Court of Appeals Reversed; Case Remanded.**

HOLDER, J., delivered the opinion of the court, in which ANDERSON, C.J., and DROWOTA, BIRCH, and BARKER, JJ, joined.

David R. Swafford, Pikeville, Tennessee, for the appellant, Robert C. Coleman.

Proctor Upchurch, Crossville, Tennessee, for the appellee, Delores J. Coleman.

## OPINION

Robert and Delores Coleman began a relationship that resulted in the birth of a daughter, Lisa, in 1966. After Mr. Coleman obtained a divorce from Evelyn Coleman in 1968, Robert and Delores Coleman were married. On January 27, 1978, Delores Coleman was granted a divorce from Robert Coleman. Shortly thereafter, however, Robert and Delores Coleman reunited. They never remarried, but they continued to live together for sixteen years.

Delores Coleman did not work outside the home. Robert Coleman, an engineer, was the

---

[1]Oral argument was heard in this case on March 28, 2000, in Dayton, Rhea County, Tennessee, as part of this Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

family's sole provider. Mr. Coleman was employed by a manufacturing company that was later purchased by Johnson Controls. Mr. Coleman retired in 1991. Mr. Coleman had a pension plan and a 401(k) plan through his employer. Delores Coleman made no direct financial contribution to either of these retirement accounts.

During their sixteen-year relationship subsequent to their divorce, the parties held themselves out to the public as husband and wife. They filed joint tax returns, maintained health insurance as husband and wife, and conducted their affairs as though they were married. They jointly acquired assets and had reciprocal wills prepared referring to each other as "husband" and "wife." The parties both testified that they were aware that they were not married.

In 1992 Robert Coleman purchased a used car business. The couple's jointly-titled house was used as collateral to finance the purchase. Delores Coleman testified that she believed she and Mr. Coleman were partners in the business. Mr. Coleman testified that he intended to develop the business into a successful enterprise and to turn it over to the Colemans' daughter. The only work performed by Delores Coleman in the used car business occurred during one two-day period. She was not authorized to write checks on the business account and did not otherwise participate in the business. Near the time of their separation in 1994, Mr. Coleman financed the purchase of the lot on which the car business was located. The purchase was made in his name only although Delores Coleman signed the loan documents.

When the couple separated in 1994, Robert Coleman filed suit in Cumberland County circuit court seeking to have the couple's jointly-held accounts and home conveyed to him in his name. In the alternative, he sought to have the property partitioned. Ms. Coleman filed a complaint for divorce, alleging a marriage by estoppel and seeking a division of the parties' marital assets. The two actions were consolidated for trial.

The trial court held that "equity ought to require this relationship to be considered marriage by estoppel" but acknowledged that such a finding would be contrary to case law. Instead, the court found that an implied partnership existed between the parties for the duration of the Colemans' cohabitation and held that Mr. Coleman was estopped from denying that a partnership extended to "all of the assets." As a partnership, the parties' assets would be divided equally, regardless of the source of monetary contribution. The trial court further held that there was ample testimony to establish a business relationship between the parties. The trial court dissolved the partnership as of June 20, 1997, and stated:

> With reference to the pension or retirement benefits, the record is clear that these benefits were accumulated during the period of the parties' implied partnership and during the period when, as a matter of equity, the defendant is estopped to deny plaintiff's partnership rights in the retirement benefits and/or pension. Plaintiff indirectly contributed to the retirement and/or pension with Johnson Control by providing all of those amenities and benefits customarily provided by

2

a wife, although she made no direct monetary contribution to those funds. It is the ruling of the court that equity demands that Mrs. Delores J. Coleman be and she is hereby granted Fifty Percent (50%) ownership in the pension and/or retirement benefits due Robert L. Coleman as a result of his employment with Johnson Control.

The final order of the trial court did not list the valuations of all the property divided by the court.[2] The court stated at the conclusion of the trial that its intention was to divide the assets equally.

In the Court of Appeals, Mr. Coleman conceded his acceptance of the trial court's identification and valuation of the partnership assets and the adjustments made by the trial court, with the exception of the inclusion of his pension and 401(k).[3] The Court of Appeals affirmed the trial court's holding that an implied partnership existed and that Ms. Coleman was entitled to a portion of Mr. Coleman's retirement benefits. The court remanded the case, however, finding that the record was unclear as to the amount of retirement benefits that accrued while the parties were living together.[4]

## ANALYSIS

For purposes of this appeal, Mr. Coleman concedes that the used car business was implied partnership property. He objects only to the lower courts' inclusion of his retirement benefits in the division of "partnership" assets. Since this case was tried by the court sitting without a jury, we review the case de novo upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm absent an error of law. Tenn. R. App. P. 13(d).

In Tennessee, marriage is controlled by statute, and common-law marriages are not recognized. Crawford v. Crawford, 198 Tenn. 9,14, 277 S.W.2d 389, 391 (Tenn. 1955); Rambeau v. Farris, 186 Tenn. 503, 506, 212 S.W.2d 359, 360 (1948); Bass v. Bass, 774 S.W.2d 170 (Tenn. Ct. App. 1987). Our courts have recognized marriage by estoppel when parties have believed in the validity of their marriage and have evidenced that belief by cohabitation. Rambeau, 212 S.W.2d at

---

[2]The trial court made explicit findings on the record as to both the valuation of property and the division of assets and liabilities. The court also made certain adjustments for amounts received or expended by the parties. The order entered by the trial court, however, does not reflect the trial court's findings in their entirety.

[3]In its ruling from the bench, the trial court valued the 401(k) at $20,000 and the pension at $130,737. The order entered by the court, however, reflected the award of the pension as an asset but did not include the court's finding as to the value of the pension.

[4]The 1978 divorce decree did not award Ms. Coleman any interest in Mr. Coleman's pension or 401(k) plan.

3

361. The doctrine of marriage by estoppel is applied in exceptional cases. It does not apply in cases where the parties knowingly live together in an unmarried state and are privileged to discontinue that relationship at will. Crawford, 277 S.W.2d at 392. It was uncontroverted that both Delores and Robert Coleman knew they were not married. The trial court correctly held that it could not find a marriage by estoppel. Stating that equity must be served, however, the trial court used the doctrine of implied partnership to divide all of the property acquired during the relationship.

In Bass v. Bass, 814 S.W.2d 38, 41 (Tenn. 1991), we defined a partnership as an association of two or more persons to carry on as co-owners a business for profit. See Rowlett v. Guthrie, 867 S.W.2d 732, 735-36 (Tenn. Ct. App. 1993) (declining to find an implied partnership extending to parties who cohabited in a home owned by one party and out of which the other party operated a barbeque business); Johnson v. Graves, 15 Tenn. App. 466 (1932) (finding implied partnership extending to a barber shop and boarding house but not to a certificate of deposit in the name of one party; the partners had lived together for twenty years but each partner was married); see also Tenn. Code Ann. § 61-1-105(a). In determining whether a partnership exists, all of the relevant facts, actions, and conduct of the parties must be considered. Bass, 814 S.W.2d at 41. No one fact or circumstance is conclusive. Id.; Roberts v. Lebanon Appliance Serv. Co., 779 S.W.2d 793, 795 (Tenn. 1989). The existence of a partnership may be implied when it appears that the parties have entered into a business relationship for profit, combining their property, labor, skill, experience, or money. Bass, 814 S.W.2d at 41; Rowlett, 867 S.W.2d at 736. It is not necessary that the parties have an understanding of the legal effect of their acts. Roberts, 779 S.W.2d at 795-96.

In Bass we upheld the trial court's ruling that William and Linda Bass were implied partners. Bass 814 S.W.2d at 41, 44. Although the parties cohabited during their ten-year business relationship and even were married briefly, it was through their combined efforts that their businesses prospered. Id. at 44. The two worked jointly at a restaurant and video amusement game venture. Proceeds from these ventures were used to purchase a convenience store and used car lot. Id. at 43. We noted that Linda Bass invested time, money, labor, and energy into producing a profitable and productive enterprise. Id. at 44. Accordingly, we held that Linda Bass was entitled to one-half ownership of all partnership assets, including assets purchased with partnership assets. That the parties cohabited for eleven years and were married at one point was not a factor in our decision. We stressed that the ordinary laws pertaining to partnership, not the laws of domestic relations, apply in a situation in which a business partnership can be implied from the facts and circumstances, a meretricious relationship notwithstanding. Id.

In this case, we are asked by the estate of Delores Coleman[5] to extend our holding in Bass to find that an implied partnership extends to the retirement benefits accumulated by Robert Coleman. The parties' only business relationship involved a used car business. Ms. Coleman's participation in the used car business was minimal at best. The estate does not contend that the used

---

[5]Delores Coleman died on December 26, 1998, while this case was pending before the Court of Appeals. Her daughter, Lisa Martin, the administratrix of the estate of Delores J. Coleman, has been substituted as a party.

car business produced or contributed to Mr. Coleman's pension or 401(k). In apparent recognition of this fact, the trial court held that Ms. Coleman "<u>indirectly</u> contributed to the retirement and/or pension with Johnson Control by providing all of those amenities and benefits customarily provided by a wife, although she made no direct monetary contribution to those funds." (Emphasis added).

While Ms. Coleman's contribution as a homemaker could be considered in dividing marital property pursuant to Tenn Code Ann § 36-4-121(c)(5), the parties were not married.[6] A marriage would have created a form of "partnership" entitling each party to the benefits of the statute regulating the dissolution of marriage. To hold that these retirement benefits are available as partnership assets would require this Court to expand the concept of implied partnership beyond the business relationship now conceded by the parties. In essence, we would be required to hold that unmarried couples may create an implied partnership simply by their continued cohabitation. We decline to do so.

Mr. Coleman concedes that the remaining assets should be divided equally between the parties. We, therefore, remand this case to the trial court for an equal division of the remaining property, without consideration of the value of Mr. Coleman's retirement benefits. The Court of Appeals is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal are taxed against Lisa Martin, Administratrix of the Estate of Delores Coleman, for which execution may issue if necessary.

---

[6]Marital property includes "the value of vested pension, retirement or other fringe benefit rights accrued during the period of the marriage." Tenn. Code Ann. § 36-4-121(b)(1)(B).