FILED
07/02/2018
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 10, 2018 Session

## ANGELINA RAE HUBBARD FINDLEY, ET AL. V. RICHARD ODEL HUBBARD, ET AL.

**Appeal from the Chancery Court for Marion County**
No. 7880     Jeffrey F. Stewart, Chancellor

_____

### No. M2017-01850-COA-R3-CV

_____

This appeal arises from a civil action filed in 2016 to establish a constructive trust and/or resulting trust to a share of the $25,500,000 proceeds from a 2005 Tennessee Lottery ticket. The essence of the claim is that the defendants, who are the respective former spouses and mother and father in-law of the plaintiffs, wrongfully deprived the plaintiffs of their rightful shares to the lottery proceeds. The defendants filed a Tenn. R. Civ. P. 12.02(6) motion to dismiss all claims for failure to state a claim on grounds including the statute of limitations. The plaintiffs responded contending, *inter alia*, that their respective claims did not accrue until 2007 for one of them and 2010 for the other, and that their claims were timely because the "catch all" 10 year statute of limitations in Tenn. Code Ann. § 28-3-110(a)(3) applied to constructive and resulting trusts. The trial court disagreed and dismissed all claims as time barred. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which RICHARD R. DINKINS and THOMAS R. FRIERSON II, JJ., joined.

H. Graham Swafford, Jr., Jasper, Tennessee, for the appellants, Angelina Rae Hubbard Findley and Stacey Lynnette Hubbard.

Joseph R. White, Cassie C. Rieder, and William J. Rieder, Chattanooga, Tennessee, for the appellees, Richard Odel Hubbard, Bobbi LeNell Hubbard, Brent Loy Hubbard, and Richard Brian Hubbard.

### OPINION

Although the record on appeal provides all that is needed to resolve the issues, the factual history in the record is modest. This is because the initial defendants, Richard

Odell Hubbard and wife, Bobbi LeNell Hubbard, ("Defendants") responded to the complaint with a Tenn. R. Civ. P. 12.02(6) motion to dismiss based on the statute of limitations defense. Due to the scarcity of facts in the trial court record, Angelina Rae Hubbard Findley and Stacey Lynnette Hubbard ("Plaintiffs"), former daughter-in-laws of Defendants, proffer facts in their joint brief that are not supported by the record. Although these proffered facts have no bearing on the outcome of this case, we will include some of the facts proferred to give context to the history of this case.

Defendants owned and operated a NAPA Auto Parts store in South Pittsburg, Tennessee, where they "sold lottery tickets in addition to auto parts." In April of 2005, while working at the counter of the NAPA Auto Parts store, Angelina Findley, Defendants' daughter-in-law, sold a lottery ticket to a customer. Shortly thereafter, the customer returned to the store insisting that the numbers on the ticket were not the ones the customer wanted. Pursuant to store policy, Ms. Findley issued the customer a new ticket in exchange for the wrong and unwanted ticket.[1] The same store policy stated that if an employee of the NAPA Auto Parts store made an error in selling a ticket, the employee was required to buy the ticket. Ms. Findley states in her brief that she followed that policy and bought the wrongly issued ticket.

Several weeks later, in early April of 2005, Ms. Findley received a frantic phone call and was told to return to the store. When she arrived, she was informed that the returned ticket had won the $25,500,000 Lottery and, as the complaint reads, "[a]t the time of the winning, it was considered to be owned by the Defendants, their two sons and the Plaintiffs."

For reasons unexplained by the record, Plaintiffs' relationships with their respective spouses soured thereafter. Angelina Findley and her husband, Brent Hubbard, divorced on May 22, 2007, while Stacey Hubbard and her husband, Richard Brian Hubbard, divorced on August 22, 2006. Most surprisingly, the record provides no information regarding the disposition of the marital assets from either divorce. Moreover, upon inquiry from the panel at oral argument, counsel were unable to provide any information regarding the division of the marital assets, particularly whether any portion of the lottery proceeds, or any portion thereof, were or were not marital property.

On September 13, 2016, Plaintiffs commenced this action in the Chancery Court for Marion County contending that following their divorces, Defendants "wrongfully depriv[ed] the Plaintiffs . . . of their rightful winnings." The facts and legal theory as stated in the initial complaint read:

FACTS

---

[1] Ironically, the wrong and unwanted ticket was soon worth $25,500,000.

In 2005, the Plaintiffs were winners of a lottery ticket valued at twenty-five million, five hundred thousand dollars ($25,500,000).

At the time of the winning, it was considered to be owned by the Defendants, their two sons and the Plaintiffs.

The Plaintiffs and the Defendants' sons were divorced.

The Defendants took all of the money wrongfully depriving the Plaintiffs of any of their rightful winnings.

LEGAL THEORY

The Plaintiffs were, in fact, owners of the lottery winnings. The Defendants improperly took the Plaintiffs' share. The Plaintiffs are entitled to their share under theories of a constructive trust and/or resulting trust along with other theories equitable and otherwise.

In pertinent part, the relief prayed for reads:

Monies and/or a portion of the monies won in a State of Tennessee lottery should be declared, held in a resulting, presumptive and/or constructive trust for the benefit of the Plaintiffs. Thereafter Plaintiffs should be awarded their share of the money/winnings.

In lieu of filing an answer, Defendants filed a Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted. In pertinent part, Defendants argued:

In this case, Plaintiffs have not stated a claim upon which relief can be granted. In their Complaint, they do not list any accusations of fraud, breach of duty, undue influence, etc. to establish a constructive trust over the proceeds. Likewise, they have not listed any facts or allegations in their Complaint that would create a resulting trust over the subject lottery winnings.

Moreover, as Plaintiffs note in their Complaint, the subject lottery proceeds were won in 2005. The statute of limitations in Tennessee for the detention or conversion of personal property is three (3) years, for breach of contract is six (6) years, and for all cases not expressly provided for by statute is ten (10) years. Tenn. Code Ann. §§ 28-3-105, 28-3-109, 28-3-110. The only date mentioned in Plaintiffs' Complaint is 2005, more than ten (10) years

ago. Therefore, Plaintiffs' Complaint is barred by any applicable statute of limitations.

The trial court denied the motion, but ordered Plaintiffs to amend their Complaint "to add specificity such that the Defendants may determine the applicability of any statute of limitations defense." The Amended Complaint stated, in pertinent part: "The statute of limitations for the Plaintiff, Angelina Rae Hubbard Findley, is thought to be August 2007. The statute of limitations for the Plaintiff, Stacey Lynnette Hubbard, is thought to be January 2010." The ex-husbands, Brent Loy Hubbard and Richard Brian Hubbard,[2] were added "as parties to this lawsuit as coconspirators," and the Amended Complaint included the following additional allegations:

> The parties conspired and/or agreed and/or by combination both individually and as a group to improperly deprive the Plaintiffs' of their share of a lottery winning."
>
> Among other things, specifically and with particularity the Defendants, both individually and/or pursuant to a conspiracy, against the Plaintiffs did one or all of the following:
>
>> (a) The Defendants agreed to split lottery winnings and fraudulently kept the money.
>> (b) The Defendants promised jobs and/or financial security which was [sic]ignored.
>> (c) The Defendants, Richard and Bobbi Hubbard, privately sought legal counsel unknown to the Plaintiffs and/or their sons and have fraudulently concealed the facts to this day.
>> (d) The Defendants kicked the Plaintiff(s) out of their house(s).
>> (e) The Plaintiffs had no place to live, and the Defendants did not provide a place to live after promising homes.
>> (f) The Defendants fraudulently mislead the Plaintiffs about tax law, corporate law and/or ramifications to their detriment.
>> (g) The Defendants fraudulently made representations concerning jobs and/or future security that were not followed.
>> (h) The Defendants fraudulently promised school and/or educational funding which was not provided.
>> (i) The Defendants threatened to take the Plaintiffs' vehicles.

---

[2] Hereinafter, the reference to "Defendants" collectively refers to all four defendants, Richard Odell Hubbard, Bobbi LeNell Hubbard, and their sons, Brent Loy Hubbard and Richard Brian Hubbard.

(j) The Defendants both scared and intimidated the Plaintiffs, and they continue to do so.
(k) The Defendants fraudulently concealed facts, including but not limited to financial reports, financial condition, tax law and/or ramifications, etc.
(I) The Defendants fraudulently mislead the Plaintiffs at every stage concerning their rights and/or options.
(m) The Plaintiffs were promised payment every year which was fraudulently withheld.

In the prayer for relief, the Amended Complaint also states: "The Plaintiffs adopt all averments in the original Complaint including the averments of fraud, conspiracy, resulting and/or constructive trust and/or the request for relief sought."

Thereafter, Plaintiffs filed a "Second Amended Complaint" in which they additionally alleged:

By order resulting from a hearing on December 13, 2016 denying a Rule 12 Motion filed by the Defendants, the Plaintiffs were ordered to "amend their Complaint to provide specificity such that the Defendants may determine the applicability of any statute of limitations defense".

The Plaintiffs have complied. They further supplement the pleadings by stating in this "Second Amended Complaint" that in this case there is no applicable statute of limitations and/or any limitation of actions that would bar the matter from going forward to a full and complete adjudication of the facts.

It is insisted there is no applicable statute of limitations and/or of repose.

Thereafter, Defendants filed a second motion to dismiss in which they noted that the Amended Complaint states, "The statute of limitations for the Plaintiff, Angelina Rae Hubbard Findley, is thought to be August 2007. The statute of limitations for the Plaintiff, Stacey Lynnette Hubbard, is thought to be January 2010." After also noting that this action was not commenced until 2016, Defendants contended: (1) that Plaintiffs' fraud allegations are barred by the three (3) year statute of limitations codified in Tenn. Code Ann. § 28-3-105; (2) Plaintiffs' allegations of conspiracy are barred by the three year statute of limitations codified in Tenn. Code Ann. § 28-3-105; (3) Plaintiffs' constructive trust and resulting trust assertions are barred by the three year statute of limitations for breach of fiduciary duty; and (4) Plaintiffs' constructive trust and resulting trust assertions are barred by the six year statute of limitations for breach contract codified in Tenn. Code Ann. § 28-3-109. Plaintiffs then filed responses to the motion.

After the parties were afforded the opportunity to argue the issues raised by the Tenn. R. Civ. P. 12.02(6) motion to dismiss in court, the trial court found that all of Plaintiffs' claims were "time barred by their applicable statute of limitations," and granted Defendants' Motion to Dismiss. In its oral ruling from the bench, the court found that the claims of fraud and conspiracy had a three-year statute of limitations, which expired in August 2010 for Plaintiff Findley and January 2013 for Plaintiff Hubbard. Additionally, the trial court found that Plaintiffs' constructive and resulting trust claims, which fell under the three-year statute of limitations for breach of fiduciary duty, would likewise be time barred. The trial court further ruled:

> The final issue raised was the matter of constructive and resulting trusts. There was a question raised about whether a statutory scheme that had been passed by the legislature found [at] 35-15-101 and . . . specifically referring to 35-15-1005(a) and (b) talking about a duty of a trustee to report things in a detailed statement of facts.
>
> But in reading that statute, constructive and resulting trusts were specifically excluded at least by way of comment that those would be equitably constructed and not dealt with by that statute. So having looked at that, there is a six-year statute of limitations for breach of contract under 28-3-109. And I find that the six-year statute of limitations would have run . . . starting in . . . January of 2010 and would have expired in January of 2016.
>
> Thus, having ruled that each of the statute of limitations has expired to the four issues that were specifically pled, I find that the catchall 10-year statute of limitations would not apply to the facts pled in this case. And, therefore, I grant the Rule 12.01(6) motion to dismiss.

This appeal followed.

ISSUE

The dispositive issue in this case is whether the trial court erred in dismissing the case pursuant to Tenn. R. Civ. P. 12.02(6) on the ground that all of the claims are time-barred.[3] Nevertheless, Plaintiffs present other issues, two of which we will also discuss:

---

[3] Plaintiffs state in their brief that the following are the four issues on appeal:

1. Can the statute of limitations be asserted as a single dispositive Rule 12.02 defense/response?
2. Is there a statute of limitations involving declaration of a "constructive and/or resulting trust"? If so, what is the statute of limitations?

(continued…)

1. Can the statute of limitations be asserted as a single dispositive Rule 12.02 defense/response?

• • •

3. Did the trial court err in dismissing this case based upon the statute of limitations without allowing the Plaintiffs to develop their case?[4]

**ANALYSIS**

I. TENNESSEE RULE OF CIVIL PROCEDURE 12.02(6)

A Tenn. R. Civ. P. 12.02(6) motion to dismiss challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). The resolution of a Rule 12.02(6) motion to dismiss is determined by an examination of the pleadings alone. *Id*. A defendant who files a motion to dismiss "admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action." *Id*. (quoting *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010)).

When considering a motion to dismiss, courts "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Id*. (quoting *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007)). "A trial court should grant a motion to dismiss 'only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'" *Id*. (quoting *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002)). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo. *Id*.; *Brown*, 328 S.W.3d at 855.

In this appeal, Plaintiffs contend that the statute of limitations cannot be asserted as a single dispositive Rule 12.02 defense or response. We disagree.

---

3. Did the trial court error in dismissing this case based upon the statute of limitations without allowing the Plaintiffs/Appellants to develop their case?

4. The appellants ask the court to declare when there is uncertainty as to the statute of limitations that there should be no statute of limitations or statute of limitations is ten years.

[4] We will not address Plaintiffs' fourth issue, by which Plaintiffs are asking this court to render an advisory opinion. *See State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 193 (Tenn. 2000). We also note that during oral argument, in response to a question from the court regarding the legal basis for his contention that no statute of limitations applies to constructive or resulting trusts, Plaintiffs' counsel replied "optimism." Because Plaintiffs failed to cite to relevant authority for this proposition, we deem the issue waived. *See* Tenn. R. App. P. 27(a)(7).

The statute of limitations defense is one of the affirmative defenses identified in Tenn. R. Civ. P. 8.03. "In pleading to a preceding pleading, a party shall set forth affirmatively facts in short and plain terms relied upon to constitute . . . *statute of limitations, . . .* and any other matter constituting an affirmative defense." *Id.* (emphasis added). A corresponding rule, Tenn. R. Civ. P. 12.02, states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, *except that the following defenses may at the option of the pleader be made by motion in writing*: . . . (6) failure to state a claim upon which relief can be granted. . . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion.

*Id*. (emphasis added).

As the foregoing rules provide, and as a plethora of judicial decisions have confirmed, the statute of limitations may be asserted as a dispositive Rule 12.02(6) defense. *See Thigpen v. Trousdale Cty. Highway Dep't*, No. M2016-02556-COA-R3-CV, 2017 WL 4158687, at *2 (Tenn. Ct. App. Sept. 19, 2017) ("A statute of limitations defense is appropriately addressed in a motion to dismiss under Rule 12.02(6) of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief can be granted."). Moreover, as our courts have stated, there are meritorious reasons for statutes of limitations.

> Statutes of limitations promote fairness and justice. They are shields, not swords, and they reflect "'a societal choice that actions must be brought within a certain time period.'" They are based on the presumption that persons with the legal capacity to litigate will not delay bringing suit on a meritorious claim beyond a reasonable time.

> We have frequently pointed out that statutes of limitations (1) promote stability in personal and business relationships, (2) give notice to defendants of potential lawsuits, (3) prevent undue delay in filing lawsuits, (4) "avoid the uncertainties and burdens inherent in pursuing and defending stale claims," and (5) "ensure that evidence is preserved and facts are not obscured by the lapse of time or the defective memory or death of a witness." Accordingly, the courts construe exceptions to statutes of limitations carefully to assure that they are not extended beyond their plain meaning.

*Redwing v. Catholic Bishop for Diocese of Mem*phis, 363 S.W.3d 436, 456 (Tenn. 2012) (internal citations omitted).

Accordingly, the statute of limitations can be, and often is, asserted as a single dispositive Rule 12.02 defense.

## II. OPPORTUNITY TO DEVELOP CASE

Plaintiffs also contend the trial court erred by dismissing the case "without allowing Plaintiffs to develop their case." We find this contention unavailing.

A Rule 12.02 motion to dismiss requires the movant, here Defendants, and the trial court to "admit[] the truth of all of the relevant and material allegations contained in the complaint. . . ." *Webb*, 346 S.W.3d at 426 (quoting Tenn. R. Civ. P. 12.02.); *see Brown*, 328 S.W.3d at 854. Moreover, when considering a motion to dismiss, the court "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Id*. (quoting *Tigg*, 232 S.W.3d at 31-32). The undisputed material facts at issue when considering a Rule 12 motion are those stated in the complaint. Accordingly, a plaintiff is in control of his or her own fate, at least as far as the material facts are concerned.

Here, the Complaint, Amended Complaint and Second Amended Complaint reveal that Plaintiffs knew the following material facts: that the lottery ticket at issue was the winning ticket in April of 2005; that Plaintiffs knew they did not receive their share of the proceeds, despite an alleged agreement "to split lottery winnings;" that Defendants failed to honor "the promised jobs and/or financial security;" that "Defendants kicked the Plaintiff(s) out of their house(s);" and that they "were promised payment every year," but no payments were made. Because Plaintiffs knew these facts as early as 2005, or at the latest by 2007 for Plaintiff Findley, and 2010 for Plaintiff Stacey Hubbard, it begs the question, "What facts need to be developed or discovered?"

As for conducting discovery, Plaintiffs failed to present to the trial court a bona fide reason for conducting discovery prior to ruling on the motion. Whether to permit or limit discovery is a decision left to the sound discretion of the trial court. *See Johnson v. Nissan N. Am., Inc.*, 146 S.W.3d 600, 604 (Tenn. Ct. App. 2004); *Benton v. Snyder*, 825 S.W.2d 409, 416 (Tenn.1992); *Payne v. Ramsey*, 591 S.W.2d 434, 436 (Tenn.1979); *Harrison v. Greeneville Ready–Mix, Inc.*, 417 S.W.2d 48, 52 (Tenn. 1967). We review a trial court's discretionary decisions pursuant to the "abuse of discretion" standard of review. *Id*.

Because Plaintiffs have provided no basis on which to conclude that the trial court abused its discretion in this regard, we find no error with the trial court's decision to rule on the motion to dismiss without allowing Plaintiffs to "develop their case."

## III. THE UNIFORM TRUST CODE

Plaintiffs assert that Tenn. Code Ann. § 35-15-1005(a)-(b) applies to constructive and/or resulting trusts. We have determined that the statute does not apply to the claims asserted by Plaintiffs in this case.

Tenn. Code Ann. § 35-15-1005(a)-(b) states:

(a) A beneficiary, trustee, trust advisor, or trust protector shall not commence a proceeding against a trustee, former trustee, trust advisor, or trust protector for breach of trust more than one (1) year after the earlier of:

(1) The date the beneficiary, trustee, trust advisor, or trust protector or a representative of the beneficiary, trustee, trust advisor, or trust protector was sent information that adequately disclosed facts indicating the existence of a potential claim for breach of trust; or

(2) The date the beneficiary, trustee, trust advisor, or trust protector or a representative of the beneficiary, trustee, trust advisor, or trust protector possessed actual knowledge of facts indicating the existence of a potential claim for breach of trust.

(b) For purposes of this section, facts indicate the existence of a potential claim for breach of trust if the facts provide sufficient information to enable the beneficiary; trustee; trust advisor; trust protector; or the representative of the beneficiary, trustee, trust advisor, or trust protector to have actual knowledge of the potential claim, or have sufficient information to be presumed to know of the potential claim or to know that an additional inquiry is necessary to determine whether there is a potential claim.

Plaintiffs reliance on the Tenn. Code Ann. § 35-15-1005, the Uniform Trust Code, is misplaced. The Uniform Trust Code applies to "express trusts, charitable or noncharitable, and trusts created pursuant to a statute, judgment, or decree that requires the trust to be administered in the manner of an express trust." Tenn. Code Ann. § 35-15-102. Plaintiffs rely on the *equitable* remedy of constructive and resulting trust. Plaintiffs' complaint is devoid of any reference to an express trust or a trust created pursuant to a

statute, judgment, or decree. Therefore, Tenn. Code Ann. § 35-15-1005(a)-(b) is inapplicable to the equitable remedies of constructive or resulting trust.

Therefore, the trial court did not err in granting Defendants' motion to dismiss Plaintiffs' complaint.

## IV. RESULTING TRUST

Plaintiffs contend they asserted a viable claim for a resulting trust. Defendants insist the complaint fails to state facts sufficient to state such a claim. We have determined that Defendants are correct.

> [A] resulting trust arises from the nature of circumstances of consideration involved in a transaction whereby one person thereby becomes invested with a legal title but is obligated in equity to hold his legal title for the benefit of another, the intention of the former to hold in trust for the latter being implied or presumed as a matter of law, although no intention to create or hold in trust has been manifested, expressly or by inference, and although there is an absence of fraud or constructive fraud.

*Myers v. Myers*, 891 S.W.2d 216, 219 (Tenn. Ct. App. 1994) (internal quotations and citations omitted).

Having read all of the facts alleged in the Complaint, the Amended Complaint and the Second Amended Complaint, and having assumed them to be true and construing the factual allegations in favor of Plaintiffs, we have determined that the factual allegations fail to state a claim based on a resulting trust. Simply stated, the facts Plaintiffs provided in their complaints fail to state a claim for a resulting trust. *See* Tenn. R. Civ. P. 8.05. Therefore, Plaintiffs did not state a claim for a resulting trust upon which relief may be granted, the statute of limitations issue notwithstanding.

## V. THE RESPECTIVE STATUTES OF LIMITATIONS

We shall now address the applicable statute of limitations for each of Plaintiffs' remaining claims; that of fraud, conspiracy, and constructive trust. Based on the undisputed facts, this action was commenced in 2016, and the statute of limitations started to run in 2007 for each of Plaintiff Findley's claims and in 2010 for each of Plaintiff Hubbard's claims.

A constructive trust is an equitable device used by the courts to avoid an unjust result. *Story v. Lanier*, 166 S.W.3d 167, 184 (Tenn. Ct. App. 2004). If a trial court has determined that a constructive trust should be imposed, the court, in equity, removes the property from the person holding title, the trustee, and puts the property in trust for the

benefit of the person harmed, the beneficiary. *Tanner v. Tanner*, 698 S.W.2d 342, 346-47 (Tenn. 1985); *Browder v. Hite,* 602 S.W.2d 489, 492-93 (Tenn. Ct. App. 1980). In Tennessee, there are four instances in which the courts have instituted a constructive trust, which include

> (1) where a person procures the legal title to property in violation of some duty, express or implied, to the true owner; (2) where the title to property is obtained by fraud, duress or other inequitable means; (3) where a person makes use of some relation of influence or confidence to obtain the legal title upon more advantageous terms than could otherwise have been obtained; and (4) where a person acquires property with notice that another is entitled to its benefits.

*Myers v. Myers*, 891 S.W.2d 216, 219 (Tenn. Ct. App. 1994) (internal citations omitted).

In determining the statute of limitations, a court is to look at the gravamen of each claim. *McFarland v. Pemberton*, 530 S.W.3d 76, 109 (Tenn. 2017). "To determine the gravamen of a claim . . . 'a court must first consider the legal basis of the claim and then consider the type of injuries for which damages are sought.'" *Id.* (quoting *Benz-Elliot v. Barrett Enters., L.P.*, 456 S.W.3d 140, 151 (Tenn. 2015)).

The statute of limitations for fraud in Tennessee is three years. *Fortune v. Unum Life Ins. Co. of America*, 360 S.W.3d 390, 401 (Tenn. Ct. App. 2010) (citing Tenn. Code Ann. § 28-3-105(1)). This action was not commenced until 2016; therefore, the three year statute of limitations for fraud has expired. This is true even if we take the latest date, 2010, which Plaintiffs' complaint provides as the start date of the statute of limitations for Plaintiff Hubbard.

A civil conspiracy "is neither a punishable offense standing alone nor a wrong capable of supporting a cause of action by its own weight." *Swafford v. Memphis Individual Practice Ass'n*, No. 02A01-9612-CV-00311, 1998 WL 281935 at * 11 (Tenn. Ct. App. June 2, 1998) (citing *Wyatt v. Union Mortgage Co.*, 24 Cal.3d 773, 157 Cal. Rptr. 392, 598 P.2d 45, 53 (Cal. 1979)). Therefore, the statute of limitations for conspiracy claims depends on the gravamen of the claim. *Id.*; *McFarland*, 530 S.W.3d at 109 (Tenn. 2017). Plaintiffs' Amended Complaint states that "the parties conspired and/or agreed . . . to improperly deprive the Plaintiffs' of their share of a lottery winning." It appears that the gravamen of Plaintiffs' claim would sound in a claim of fraud. As stated above, the statute of limitations for fraud is three years. *See Fortune*, 360 S.W.3d at 401 (Tenn. Ct. App. 2010) (citing Tenn. Code Ann. § 28-3-105(1)). Therefore, the statute of limitations for the claim of conspiracy has also expired.

In reviewing the gravamen of the claim for breach of fiduciary duty, our courts have found instances in which a one year statute of limitations can apply and instances in

which a three year statute of limitations can apply. *See Mike v. Po. Group, Inc.*, 937 S.W.2d 790, 793-95 (Tenn. 1996). Under either limitations period, Plaintiffs' claim has expired.

Lastly, the statute of limitations for a breach of contract claim is six years. Tenn. Code Ann. § 28-3-109. Therefore, this limitations period has also expired.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Plaintiffs Angelina Rae Hubbard Findley and Stacey Lynnette Hubbard.

_____
FRANK G. CLEMENT JR., P.J., M.S.