IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 5, 2018

**KATHY FOWLKES v. FLORA FOWLKES**

**Appeal from the Chancery Court for Dyer County**
**No. 17-CV-267      Tony Childress, Chancellor**

_____

**No. W2018-00050-COA-R3-CV**

_____

In this action, the petitioner sought a declaratory judgment establishing that the marriage between her deceased father and stepmother was void ab initio. The petitioner claimed that her father was not legally divorced from her mother when the marriage occurred. The trial court denied the petition, finding that the petitioner failed to rebut the validity of the second marriage. The petitioner appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S. and BRANDON O. GIBSON, J., joined.

Kathy Fowlkes, Lakeland, Tennessee, pro se.

Flora Fowlkes, Dyersburg, Tennessee, pro se.

**OPINION**

**I.      BACKGROUND**

Kathy Fowlkes ("Petitioner") was born to Lonnie Fowlkes ("Decedent") and Deborah Mitchell in June 1970 in Dyersburg, Tennessee. Decedent and Deborah married approximately one month later and moved together to Phoenix, Arizona in 1972. They later separated, and Deborah returned to Tennessee. Decedent then advised Deborah that he obtained a divorce somewhere in Phoenix. In 1979, Deborah filed a petition for child support in Dyer County, Tennessee. The petition and other supporting documents were transferred to the Superior Court of Maricopa County in Phoenix. Decedent paid child support per orders entered by the court in Maricopa County until May 1991.

Deborah remarried in 1996. Decedent returned to Tennessee at some point and married Flora Fowlkes ("Wife") in 2001. Thereafter, Decedent and Wife divorced but then remarried in 2013, all while living in Tennessee. Decedent passed away in March 2017. At that time, he and Wife were living together as husband and wife.

On December 7, 2017, Petitioner filed this pro se action for a declaratory judgment in which she sought to declare Decedent's marriage to Wife null and void ab initio. She claimed that (1) Decedent was not legally divorced from Deborah at the time of the second marriage and that (2) no record of divorce exists between Decedent and Wife, despite the fact that two separate certificates of marriage were entered. In support of her claim, she submitted documentation establishing that a thorough search of "adult records" in Maricopa County did not disclose any domestic relations cases for Decedent or Deborah and that a thorough search of records in Dyer County revealed one filing for child support and no record of any divorce between Decedent and Deborah.

Wife, responding pro se, responded by stating that she was Decedent's widow, that Deborah had remarried, and that Decedent was not Petitioner's biological father.[1] The case proceeded to a hearing, at which Wife and Deborah testified. No transcript was provided for this court's review; however, a statement of the evidence was entered. As pertinent to this appeal, Wife testified that she was unable to find proof of Decedent's divorce from Deborah but stated that Decedent advised her that he obtained a divorce somewhere "[a]round Phoenix." Deborah claimed that Decedent advised her that he obtained a divorce and that she "took his word for it," despite never receiving paperwork confirming his claim.

The court denied the petition, finding that Petitioner failed to establish the invalidity of Decedent's marriage to Wife. The court noted that while a general search of records was not performed in Tennessee, Decedent advised Wife and Deborah that he obtained the divorce somewhere in Phoenix. The court found that the search performed in Maricopa County was insufficient when that search failed to even yield evidence of the child support case that was transferred to that county. The court explained,

> Perhaps child support cases are not included in the "adult records" of the Superior Court in Maricopa County, or perhaps child support cases are not included in the "domestic relations case initiation record" of that same Court. However, if that is indeed the case[, Petitioner] is the one shouldered with the burden of establishing that fact or providing the law to the Court establishing that legality, which is something she did not do. The Court understands completely that [Deborah] did not initiate a divorce

---

[1] Petitioner submitted a copy of her birth certificate in which Decedent was identified as her father.

action in Arizona, and the Court does not know why the clerk's search failed to disclose the child support case that was [originally] initiated in her name. The failure of the search to disclose that case, however, causes the Court to question the search conducted by the clerk in Maricopa County, and it leaves the Court unconvinced that [Decedent] and Deborah were not divorced in Maricopa County[,] Arizona. Also, [Petitioner] did not produce any evidence that the court records of divorce in the remaining areas of the State of Arizona, in particular the areas around Phoenix, were searched.

This timely appeal followed.

## II. ISSUE

The sole issue on appeal is whether the court erred in denying the petition for declaratory judgment.

## III. STANDARD OF REVIEW

After a bench trial, we review a trial court's findings of fact de novo with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). We review questions of law de novo with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

## IV. DISCUSSION

The law of the state in which the marriage at issue occurred determines whether the marriage is valid. *Lightsey v. Lightsey*, 407 S.W.2d 684, 690 (Tenn. Ct. App. 1966). In Tennessee, "the inception, duration, status, conditions, and termination of a marriage . . . are subject to state legislative power and control." *Guzman v. Alvares*, 205 S.W.3d 375, 379 (Tenn. 2006); *Martin v. Coleman*, 19 S.W.3d 757, 760 (Tenn. 2000). Tennessee does not recognize bigamous marriages; accordingly, "[a] second marriage cannot be contracted before the dissolution of the first." Tenn. Code Ann. § 36-3-102.

However, "[t]here is a presumption of the validity of marriage such that where there is a second marriage, it is presumed that the first marriage ended in divorce." *Emmit v. Emmit*, 174 S.W.3d 248, 251-52 (Tenn. Ct. App. 2005) (citing *Payne v. Payne*, 219 S.W. 4, 7 (1920)). "Such a presumption is strong and '"is indulged whenever it is necessary to attain the ends of justice."' *Id.* (quoting *Payne*, 219 S.W. at 7). "[T]his presumption may be overcome by evidence that a general search of the court records of divorce produced no record of a divorce." *Id.* The search must be performed in the state

in which "the spouse effecting the second marriage has established a residence." *Payne*, 219 S.W at 7. The party challenging the marriage is required to prove the invalidity of the marriage by "cogent and convincing" evidence. *Guzman*, 205 S.W.3d at 380.

Here, we agree with the trial court that Petitioner simply failed to submit sufficient evidence to rebut the presumption of the validity of Decedent's divorce from Deborah and marriage to Wife. While Petitioner submitted evidence of searches performed in Dyer County, Tennessee and Maricopa County, Arizona, the record establishes that Decedent advised both Deborah and Wife that he obtained the divorce somewhere in Phoenix. A general search of the surrounding counties was not performed, and the search actually performed did not reveal evidence of the child support case between the two parties that was transferred to Maricopa County per court documents included in the record. With these considerations in mind, we affirm the denial of the petition for declaratory judgment.

## V. CONCLUSION

This judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Kathy Fowlkes.

_____
JOHN W. McCLARTY, JUDGE